

U.S. Department of Justice

Jeffrey A. Taylor
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

July 7, 2008

**FILED**

AUG 2 9 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Wendell C. Robinson, Esq.
4308 Georgia Avenue, N.W.
Washington, D.C. 20011

Re:   Mary Samba
      CR 08-229

Dear Mr. Robinson:

This letter sets forth the full and complete plea offer to your client, Ms. Mary Samba ("your client"), from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on July 17, 2008. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

1.   **Charges and Statutory Penalties**

Your client agrees to waive indictment and plead guilty to the second count of a two-count information charging as Count One, a violation of 18 U.S.C. §1347 (health care fraud), and Count Two, a violation of D.C. Code §22-3211(b)(2) and 22-3212(b) (Theft in the Second Degree). Ms. Samba understands that the maximum sentence that can be imposed is 180 days imprisonment, a fine of not more than $1,000, restitution pursuant to D.C. Code §16-711, an assessment between $50 and $250 to Superior Court's Crime Victims Assistance Fund, pursuant to D.C. Code §4-516, and a period of probation.

In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense. This agreement not to prosecute your client does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. § 16 and 23 D.C. Code § 1331(4). It is understood that the government has no evidence, as of the date of this agreement, of any crimes of violence involving your client.

2.  **Factual Stipulations**

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

3.  **Sentencing Considerations**

Your client understands that the sentence in this case will be determined by the Court, ~~with guidance by the Superior Court sentencing guidelines.~~

4.  **Agreement as to Sentencing Allocution**

Nothing in this Agreement limits the right of the parties to make any arguments regarding the specific sentence which should be imposed on your client. Nothing in this Agreement limits the right of the Government to prosecute charges for obstruction of justice, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (a) engaged in conduct, unknown to the Government at the time of the signing of this Agreement, that constitutes obstruction of justice or (b) engaged in additional criminal conduct after signing this Agreement. The government reserves its full right of allocution, including, among other things, the right to inform the presentence report writer of any relevant facts and to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement. The parties reserve the right to answer any inquiries from the Court.

5.  **Court Not Bound by the Non-Mandatory Sentencing Guidelines**

It is understood that the sentence to be imposed upon your client is determined solely by the Court. ~~It is understood that any sentencing guidelines are not binding on the Court.~~ Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, ~~which may be greater than the applicable guidelines range~~. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. ~~Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the guidelines range.~~

6.  **Restitution**

In addition to the other penalties provided by law, the Court may also order that your client make restitution under D.C. Code §16-711. Restitution is payable immediately unless ordered otherwise by the Court. In addition to any restitution that may be ordered by the Court, your client agrees to make restitution in the amount of $15,759 to all victims of your client's criminal conduct, included in the list attached as Exhibit A. A payment plan may be determined by the Court at the time of sentencing.

7. **Release/Detention**

Your client acknowledges that while the Government will not seek a change in your client's release conditions pending sentencing, the final decision regarding your client's bond status or detention will be made by the Court at the time of your client's plea of guilty. Should your client engage in further criminal conduct prior to sentencing, however, the Government may move to change your client's conditions of release.

8. **Waiver of Statute of Limitations**

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

9. **Waiver of Right to DNA Testing**

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. § 3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

10. **Cooperation**

Your client agrees to cooperate with the government on the following terms and conditions:

A. Your client shall cooperate truthfully, completely, and forthrightly with this Office and other federal, state, and local law enforcement authorities identified by this Office in any matter as to which the government deems the cooperation relevant. Your client acknowledges that her cooperation may include, but will not necessarily be limited to, answering questions, providing sworn written statements, and taking government-administered polygraph examination(s).

B. Unless your client pays in full the restitution and special assessment by the time of sentencing, your client shall turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime, all contraband and proceeds of crime, and all assets traceable to such proceeds of crime. Your client further agrees

to the forfeiture of all assets which are proceeds of crime and/or traceable to proceeds of crime. Should your client pay in full the restitution and special assessment by the time of sentencing, then the government agrees not to seek forfeiture in this case.

  C. Your client shall testify fully and truthfully before any grand jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia, and elsewhere, at which her testimony may be deemed relevant by the government.

  D. Your client shall not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

  E. Your client agrees not to disclose to any person or entity the fact of or details regarding her cooperation with law enforcement authorities.

  F. Your client understands and acknowledges that nothing in this agreement allows her to commit any criminal violation of local, state, or federal law during the period of her cooperation with law enforcement authorities or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of her cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all its obligations under this agreement. However, your client acknowledges and agrees that such a breach of this agreement will not entitle her to move to withdraw her plea of guilty. Your client further understands that, to establish a breach of this agreement, the government need only prove her commission of a criminal offense by a preponderance of the evidence.

## 11. Use of Certain Information

The United States and your client hereby agree that since your client has agreed to cooperate with the United States, information provided by your client shall not be held against her for purposes of calculating her sentence (see ~~Sentencing Guidelines Section 1B1~~.8), and will not otherwise be used against her, except as follows:

  A. information that was known to the United States prior to the date this plea agreement was agreed to by your client may be used directly and indirectly against your client in any criminal proceeding;

  B. in a prosecution for perjury or giving a false statement pursuant to this agreement, statements made by your client as part of his cooperation may be used directly and indirectly against her; and

  C. if there is a breach of this agreement by your client, as determined under the provisions of this agreement. In the event of such a breach, as set forth in Paragraph 10 below, the United States retains the right to use any information provided by your client directly and indirectly at any subsequent proceeding.

12.   **Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

13.   **Presence of Counsel**

At all debriefing and interviewing sessions conducted by investigators and/or attorneys for the government, Your client shall be entitled to the presence, advice, and assistance of counsel, unless waived.

14.  **Complete Agreement**

No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: VIRGINIA CHEATHAM
Assistant U.S. Attorney

## DEFENDANT'S ACCEPTANCE

I have read this Plea Agreement and have discussed it with my attorney. I fully understand this Agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this Plea Agreement and matters related to it.

Date: 8/29/08

Mary Samba
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this Plea Agreement, reviewed them with my client, and discussed the provisions of the Agreement with my client, fully. These pages accurately and completely sets forth the entire Plea Agreement. I concur in my client's desire to plead guilty as set forth in this Agreement.

Date: 8-29-08

Wendell C. Robinson, Esquire
Attorney for the Defendant